UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN TICHOT, | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | ) Civil No. 10-311-P-S |
| | ) |
| FBI, | ) |
| | ) |
|        Defendant | ) |

**ORDER GRANTING MOTION TO
PROCEED IN FORMA PAUPERIS
AND
RECOMMENDED DECISION**

Having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, IT IS ORDERED that the application is GRANTED. The Clerk is directed to file the Complaint without the prepayment of fees or the necessity of giving security therefor.

However, I recommend that this complaint be summarily dismissed because it fails to state any cognizable claim against the Federal Bureau of Investigation. I direct the court's attention to a companion matter, <u>John Tichot v. United States Department of State</u>, 2:10-cv-00311-GZS, previously dismissed by this court on May 17, 2010. The complaint filed in the present action is virtually identical to the previously dismissed complaint, except the name and address of the defendant has been changed to read "FBI, One Center Plaza, Suite 600, Boston, Ma. 02108." Once more Tichot has failed to link a single employee or the agency to the events about which he complains. As I explained in my earlier recommendation, after I gave Tichot the opportunity to amend his complaint against the State Department, he must explain "the factual basis for his claim that the [FBI] should be held liable by the federal court for something it did to

Tichot. He has failed to provide any further factual content to his allegations." Id., Doc. No. 7, Recommended Decision at 2.) Obviously the same flaw exists with the current complaint.

Accordingly I recommend that this court summarily dismiss this complaint pursuant 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."). While I indicated in my earlier recommendation that I did not question Tichot's sincerity in filing the complaint, he should be placed on notice that repeated filings of the same document that has been dismissed by the court could result in the court issuing an Order against him barring him from making what may have become frivolous filings after repeated warnings. If Tichot wants to maintain the ability to proceed in forma pauperis in this court, he should carefully consider the factual allegations he makes in any subsequent complaint and he must make sure that the named defendant is alleged to have committed an act for which it could possibly have liability.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date July 30, 2010